UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JEROME PAUL,                                    Case No. 23-CV-0631 (PJS/DTS)

             Plaintiff,

v.                                                              ORDER

SCHEEL ALL SPORTS,

             Defendant.

---

Jerome Paul, pro se.

Jeremiah C. Hollembeak and Allison Balus, BAIRD HOLM LLP, for defendant.

Plaintiff Jerome Paul alleges that defendant Scheels All Sports, Inc.[1] ("Scheels") discriminated against him in violation of the Minnesota Human Rights Act ("MHRA") when Paul attempted to buy firearms from a Scheels store in Eden Prairie, Minnesota. ECF No. 1. This matter is before the Court on Scheels's motion to dismiss. ECF No. 12. For the following reasons, the motion is granted.

The events at the heart of Paul's complaint took place in May 2021. ECF No. 1-3 at 1. On May 25, 2022, Paul filed a charge of discrimination with the Minnesota Department of Human Rights ("MDHR"). ECF No. 16-1 at 3. On November 16, 2022, the MDHR issued a No Probable Cause decision. *Id.* at 1–2. On December 13, 2022, Paul appealed the MDHR's decision. ECF No. 16-2. Three days later, on December 16,

---

[1]Paul's complaint incorrectly identified defendant as "Scheel All Sports."

the MDHR affirmed its No Probable Cause decision.  ECF No. 16-3.  Paul then

commenced this civil action by serving Scheels with a summons and complaint on

February 14, 2023.  ECF No. 1-7.[2]

Scheels moves to dismiss this action as time-barred.  Under the MHRA, a

complainant must bring a civil action "within 45 days after receipt of notice that the

commissioner [of the MDHR] has reaffirmed a determination of no probable cause."

Minn. Stat. § 363A.33, subd. 1(2).  Although Paul alleges that he did not receive the

MDHR's affirmation of its No Probable Cause decision until February 10, 2023, *see* ECF

No. 23, "receipt of notice is presumed to be five days from the date of service by mail of

the [MDHR's] written notice."  Minn. Stat. § 363A.33, subd. 1.  Therefore, Paul was

presumed to have received the MDHR's decision on December 21, 2022—five days after

the MDHR mailed it on December 16.  *See Robinson v. VSI Constr., Inc.*, No. 19-CV- 1628

(DSD/BRT), 2019 WL 6715186, at *3 (D. Minn. Dec. 10, 2019) ("Minnesota law requires a

person to file a civil action within 45 days of receipt of notice that the commissioner of

the MDHR has dismissed a charge of discrimination.  Although Robinson denies

receiving the MDHR letter, Minnesota law presumes receipt of notice to be five days

from the date of service by mail of the written notice.  Applying that rule, Robinson's

claims under the MHRA are untimely and must be dismissed." (citations omitted)),

---

[2]Paul commenced his action in Minnesota state court.  *See* ECF Nos. 1-2 and 1-3.
Scheels removed the case to this Court on March 15, 2023.  *See* ECF No. 1.

*aff'd*, 829 F. App'x 741 (8th Cir. 2020); *McKenzie v. Rider Bennett, LLP*, No. 05-CV-1265

(JNE/SRN), 2006 WL 839498, at *4 (D. Minn. Mar. 28, 2006) ("Receipt of a notice of

dismissal is presumed to take place five days from the date of service by mail of the

written notice.  In this case, the MDHR sent the notice of dismissal on March 24, 2005, to

McKenzie at the most recent address that she had provided. . . . Accordingly, the Court

rejects McKenzie's assertion that her receipt of the notice of dismissal on June 14, 2005,

determines the timeliness of her MHRA claims." (citations omitted)).

As a result, the MHRA's 45-day limitations period expired on February 6, 2023,

eight days before Paul served Scheels with his summons and complaint.  Therefore,

Paul's lawsuit must be dismissed as untimely.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion to dismiss [ECF No. 12] is

GRANTED, plaintiff's motion [ECF No. 21] is DENIED, and plaintiff's complaint [ECF

No. 1-3] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 10, 2023

_____
Patrick J. Schiltz, Chief Judge
United States District Court